OPINION OF THE COURT
FISHER, Circuit Judge.
Appellant National Loan Investors, L.P. (“NLI”) appeals from the District Court’s ruling that it was not entitled to post-bankruptcy petition interest on a loan extended to the Appellee-Debtors, Michael E. and Tommye DeNofa. Post-petition interest is available under § 506(b) of the Bankruptcy Code where a debt is oversecured, i.e., where the value of the property *730 securing the debt exceeds the amount of the debt itself. The District Court found that only property securing the loan which belonged to the bankruptcy estate — and not third-party property securing the loan — could be included in a calculation of the value of secured property for purposes of assessing a claim for post-petition interest under § 506(b). We agree with the District Court’s conclusion and will therefore affirm.
As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. NLI became the holder of a loan debt incurred in part by the DeNofas. The loan had originally been made to DAK Manufacturing Corporation (“DAK”), an entity wholly owned by Michael DeNofa and Steven Katz, and was secured not only by an interest in property owned by DAK, but also by guaranties executed by DeNofa and Katz, which were respectively secured by a mortgage on their private residences.
The DeNofas filed a Chapter 11 bankruptcy petition. NLI’s predecessor filed a proof of claim in the DeNofa bankruptcy proceeding, as well as a motion seeking relief from the automatic stay so as to continue with its foreclosure action against the DeNofas, or, in the alternative, dismissal of the DeNofa reorganization proceeding. The DeNofas filed an adversary proceeding against NLI seeking an accounting as to NLI’s claim and a reduction in the amount the DeNofas owed on that claim due to an alleged oral agreement which purportedly froze the accrual of interest on the loan debt. NLI disputed the oral agreement claim and argued that it was entitled to post-petition interest on its claim under 11 U.S.C. § 506(b). After several proceedings before the Bankruptcy and District Courts, the District Court ultimately ruled that NLI was not entitled to post-petition interest under § 506(b). The District Court also found that a $250,000 payment made to NLI by the Katzes in order to settle a foreclosure action filed against them by NLI was to be applied to the principal amount of the loan debt. NLI filed a timely notice of appeal.
We have appellate jurisdiction pursuant to 28 U.S.C. § 158(d). We exercise plenary review over grants and denials of summary judgment, and review a district court’s interpretation of a statute de novo. See Circle Schools v. Pappert, 381 F.3d 172, 177 (3d Cir.2004); Mitchell v. Cellone, 389 F.3d 86, 89 (3d Cir.2004) (citation omitted).
Our resolution of the primary substantive question in this appeal — whether non-debtor property may be included in determining whether a debt is oversecured — requires us to interpret § 506 of the Bankruptcy Code.[1] NLI contends that *731 the plain meaning of “property,” standing alone and unmodified in § 506(b), encompasses more than just property belonging to the bankrupt estate. It reasons that such a reading is reinforced by the fact that § 506 more specifically defines “property” in subsection (a) as belonging to the estate, and that the omission of such specific descriptive terms surrounding “property” in § 506(b) precludes giving it the same meaning as the “property” defined in subsection (a). The DeNofas counter that one must read the entirety of § 506 and how its subsections work together, and that such a reading leads to the conclusion that § 506(b) “property” can only be property belonging to the bankruptcy estate.
Focusing only on § 506(a) and (b)’s reference to “property,” and not on the entire text of the two subsections, leads one to side, at least initially, with NLI. Section 506(a) refers to “property in which the estate has an interest,” while § 506(b) refers only to “property” generally, unmodified by any surrounding terms. As such, one is tempted to follow the interpretive principle that “ ‘where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.’ ” KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., — U.S.-, 125 S.Ct. 542, 548, 160 L.Ed.2d 440 (2004) (quoting Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). This principle “applies ‘particularly when the two [provisions] are interrelated and closely positioned, both in fact being parts of the same statutory scheme.’ ” Ki Se Lee v. Ashcroft, 368 F.3d 218, 223 (3d Cir.2004) (citation omitted). Applying the principle here would seem to support NLI’s contention — because Congress included “particular language” (“in which the estate has an interest”) modifying “property” in § 506(a), but omitted that “particular language” modifying “property” in § 506(b), Congress intended the disparate exclusion, i.e., Congress intended to limit “property” to that belonging to the estate for purposes of § 506(a), but not to that belonging to the estate for purposes of § 506(b).
But this approach is fatally incomplete because it ignores the remainder of subsections (a) and (b). Subsections (a) and (b) work closely together, and one cannot correctly understand and apply the latter before understanding and applying the former. Section 506(b) only permits post-petition interest where an “allowed secured claim is secured by property” which exceeds the value of the “allowed secured claim.” The meaning of “allowed secured claim” dictates the outcome here. Section 506(a) defines an “allowed secured claim” as a claim secured by “property in which the estate has an interest ... to the extent of the value of such creditor’s interest in the estate’s interest in such property[.]” 11 U.S.C. § 506(a) (emphasis added). Thus, quite plainly, the “allowed secured claim” of NLI that we must examine for purposes of post-petition interest under § 506(b) is limited to the extent of the value of the property of the DeNofas’ bankruptcy estate which secures it. See 5 Collier on Bankruptcy ¶ 506.04[1] (15th rev. ed. 2003) (“For purposes of section 506(b), a secured claim is ‘oversecured’ to the extent that the value of the creditor’s interest in the estate’s interest in property is greater than the amount of the creditor’s allowed prepetition claim.”) (footnotes omitted) (emphasis added). *732 There is no dispute that the DeNofas’ property alone does not exceed the value of NLI’s claim. Therefore, we will affirm the District Court’s ruling that NLI is not entitled to any post-petition interest.[2]

. Section 506 provides, in pertinent part:
(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate’s interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor’s interest, (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under *731 the agreement under which such claim arose. 11 U.S.C. § 506.

. We will also affirm the District Court's application of the Katzes' settlement payment of $250,000 to the principal amount of the loan debt. A creditor may only apply payments on a debt to post-petition interest and costs to the extent the debt is oversecured, and must otherwise apply such payments to reduce the principal of the debt. See In re Indian Palms Assocs., Ltd., 61 F.3d 197, 201 (3d Cir.1995). Unless interest accrues on a debt during bankruptcy, there are no "theories that would support the allocation of post-petition payments to something other than a reduction of the principal debt.” Id. at 211. The District Court correctly concluded that NLI's claim as to the DeNofas was not oversecured and did not accrue post-petition interest, and therefore correctly applied the Katzes’ payment to reduce the principal of the loan debt.